887 F.2d 1086
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FERRELLGAS, INC., Appellant,
v.
David DEAN, Jr., Appellee.
 No. 89-5221.
 United States Court of Appeals, Sixth Circuit.
 Oct. 17, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges and JAMES HARVEY,* Senior U.S. District Judge.
 WELLFORD, Circuit Judge.
 
 
 1
 David Dean was employed by Buckeye Gas Products, predecessor to defendant Ferrellgas, and by Ferrellgas itself, for about sixteen years. Ferrellgas was engaged in the liquid petroleum gas (LPG) distribution business and Dean was its route salesman and delivery agent. During his tenure, Dean signed a noncompetition agreement. The agreement prohibited Dean from disclosing any confidential information during or within two years following termination of his employment. The agreement also prohibited Dean from competing with Ferrellgas under certain circumstances following his termination:
 
 
 2
 4 .... Employee shall not interfere with the established business relationship between the Employer and the customers of Employer within a radius of fifty (50) miles of Employer's Location, and shall not call upon any such customer of Employer's Business for the purpose of soliciting, selling or delivering products of the kind which are the subject of Employer's Business, or rendering any service to such customer in connection with such products.
 
 
 3
 In August 1988, Ferrellgas terminated Dean's employment. The exact reason for the firing is in dispute, but the discharge occurred following rumors which reached defendant that Dean planned to start his own company in a business which would compete with Ferrellgas. Following his termination, Dean went to work for a competing company, and Ferrellgas claims that Dean has been "pirating" away its former customers while serving as a route salesman.
 
 
 4
 In assessing the appropriateness of a preliminary injunction, the trial court applied the test put forth in In re DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir.1985), considering: (1) the likelihood of plaintiff's success on the merits; (2) whether the injunction will save the plaintiff from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction. The trial court found after consideration that the DeLorean test weighed against granting the injunction. The court found it unlikely that Ferrellgas would succeed on the merits, found no evidence to suggest that Ferrellgas would suffer irreparable injury in the absence of extraordinary relief, and found that the public interest would not be served by an injunction that might stifle competition in the LPG marketplace.
 
 
 5
 On appeal, Ferrellgas takes exception to the findings of the district court and its failure to enforce the agreement by injunctive relief. It maintains that the trial court misapplied Tennessee law in assessing its likelihood of success on the merits, and with respect to the equities of the case. Ferrellgas also argues that without the injunction it will not effectively be able to enforce its rights under the agreement. Ferrellgas maintains that the decision of the district court grows out of the court's misinterpretation of Tennessee law, and a failure to appreciate the relationship between Dean and Ferrellgas and Dean's subsequent conduct in "competition" with his former employer.
 
 
 6
 A trial court's decision to grant or deny injunctive relief will be disturbed only on a finding of abuse of discretion. Frisch's Restaurant, Inc. v. Shoney's Inc., 759 F.2d 1261, 1263 (6th Cir.1985); DeLorean, 755 F.2d at 1228; USACO Coal Co. v. Carbomin Energy, Inc., 689 F.2d 94 (6th Cir.1982). "Rigid adherence to the 'abuse of discretion' standard is required to avoid untoward disruption of the progression of lawsuits as the lower court decision 'was in no sense a final disposition'." Frisch's Restaurant, 759 F.2d 1261, 1263 (citations omitted).
 
 
 7
 We find no abuse of discretion and therefore affirm.
 
 
 8
 Ferrellgas has raised serious questions on the merits of its claim, but failed to convince the trial court that it would suffer irreparable harm without the injunction. Even assuming that it would suffer irreparable harm in the absence of a preliminary injunction (and that the trial court's contrary finding was an abuse of discretion), it is difficult to see how that harm would "decidedly outweigh" the potential harm to Dean if the injunction issued.
 
 
 9
 Agreements in restraint of trade, such as covenants restricting competition, are not invalid per se. Although disfavored by law, such agreements are valid and will be enforced, provided they are deemed reasonable under the particular circumstances.
 
 
 10
 There is no inflexible formula for deciding the ubiquitous question of reasonableness, insofar as noncompetitive covenants are concerned. Each case must stand or fall on its own facts.
 
 
 11
 Allright Auto Parks, Inc. v. Berry, 409 S.W.2d 361, 363 (Tenn.1966) (citations omitted) (emphasis added).
 
 
 12
 The experienced Tennessee district judge in this case carefully considered and weighed the various Tennessee cases in a fifteen page opinion which deals with the difficult issues of enforcement of anti-competitive agreements by employees who are not in supervisory or management positions. Judge Edgar cited and considered Central Adjustment Bureau, Inc. v. Ingram, 678 S.W.2d 28 (Tenn.1984); Selox, Inc. v. Ford, 675 S.W.2d 474 (Tenn.1984); Hasty v. Rent-A-Driver, Inc., 671 S.W.2d 471 (Tenn.1984); Kaset v. Combs, 434 S.W.2d 838 (Tenn.Ct.App.1968); and, Arkansas Dailies, Inc. v. Dan, 260 S.W.2d 200 (Tenn.Ct.App.1953) among many other authorities in reaching his decision. We find his rationale to be persuasive and affirm based generally on the district court's opinion. The district court took into account the circumstances of the required signing of the agreement in dispute and the circumstances of the discharge.
 
 
 13
 Tennessee law on this subject seems to emphasize consideration of each case on the particular facts involved, and in appropriate circumstances will enforce reasonable terms and provisions of such non-competition arrangements. We find no error in the considered exercise of discretion in this case to decline extraordinary relief without prejudice to plaintiff's rights to seek other relief and damages.
 
 
 14
 We accordingly AFFIRM.
 
 
 
 *
 The Honorable James Harvey, Senior United States District Judge for the Eastern District of Michigan, sitting by designation